Dear Mr. Lorio:
This office is in receipt of your recent request for an Attorney General's Opinion as to the legality of the use of Parish funds for the provision of loans or financial aid to victims of a tornado which caused damage in St. John the Baptist Parish on June 30, 2003.
It is our understanding, from your correspondence and from the undersigned's discussion with Mr. Barry Landry, Parish Attorney, that a small number (two or three) of uninsured citizens of the Parish lost their homes due to the tornado. You further advised that several councilmen would like to assist these victims, if possible, but are concerned about the prohibition of the donation of public funds found in La. Const. Art. VII, Sec 14. These councilmen have proposed two avenues to assist the tornado victims; the first proposal is to utilize public funds to provide loans to the tornado victims, and the second proposal was to provide funds to the Community Action Agency, presumably a non-profit agency which would utilize the funds on the parish's behalf, to provide assistance to the victims.
Please be advised that La. Const. Art. VII, Sec. 14, generally prohibits the loan, pledge or donation of public funds, property or things of value to any person, association or corporation, public or private. The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. City of PortAllen v. Louisiana Municipal Risk Agency, 439 So.2d 399 (La. 1983).
This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose of and power for a particular expenditure of public funds be "sanctioned", or "authorized by law", or in the "discharge of a legal duty". Op. Atty. Gen. No. 92-204. See also: Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (La. 1990). The opinions of this office also refer to the requirement of "an underlying legal obligation or authority" for the transfer of public funds. Op. Atty. Gen. Nos. 92-543, 92-494, 92-402, 92-204.
There can be no question but that the Parish of St. John the Baptist has no general obligation or authority to individual property owners or citizens to expend public funds to repair or replace privately owned homes or buildings. As such, although we understand and admire the parish council's interest in assisting these tornado victims, we must advise that if the parish provides loans or financial assistance to these citizens, other than in accordance with an established "program of social welfare for the aid and support of the needy", the Parish is in essence donating a public thing of value to those citizens, in violation of La. Const. Art. VII, Sec. 14. In our opinion, such loans or financial assistance would be in violation of the constitution and therefore illegal. In accord: Attorney General's Opinion No. 01-316, which determined that a Parish Waterworks District could not adjust the water bill of a customer who sustained broken pipes during hurricane flooding[1]. See also: Attorney General's Opinions Nos. 98-432, 97-99, 96-348.
Please note that La. Const. Art. VII, Sec. 14(B) contains an exception to the general rule of Art. VII, Sec. 14 in that the donation or loan of public funds would be permissible if the parish has, or establishes a bona fide "program of social welfare for the aid and support of the needy". In our opinion, the parish could, in accordance with Art. VII, Sec. 14(B), establish a program whereby loans and /or assistance could be provided to parish disaster victims who can be classified as needy, if those who receive assistance are screened pursuant to objective criteria to ensure that they are truly needy. In accord: Attorney General's Opinions Nos. 00-14, 98-432.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
xc: Mr. Barry Landry, Parish Attorney
Date Received:
Date Released: October 27, 2003
[1] Opinion No. 01-0316 also references LSA-R.S. 42:1461, which imposes a personal obligation upon public officials or employees and prohibits them from misappropriating, misapplying, converting or misusing funds or property under the custody or control of the public entity in which the office or employment is held. The breach of this personal obligation gives rise to an action in favor of the public entity for the recovery of such funds or property.